UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **REDHAWK HOLDINGS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 1:24-cv-196 SNLJ |
| ) | |
| **QUARTERNARY RESOURCE** ) | |
| **INVESTIGATION, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM and ORDER**

This matter is before the Court on review of the file. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The complaint asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332, which requires that the lawsuit be between citizens of different States and the matter in controversy exceeds the sum of $75,000. Plaintiff states it is incorporated in Nevada and that defendant is a Louisiana Limited Liability Company and "none of the members are citizens of the State of Missouri." [Doc. 1 at ¶ 2.]

Section 1332(c)(1) pertains to the citizenship of a corporation, which is "…deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff alleges its state of incorporation, but not its principal place of business.

Further, the Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, the Court must examine the citizenship of each member of defendant, a limited liability company, to determine whether diversity jurisdiction exists. Although the complaint states that "none of [defendant's] members are citizens of the State of Missouri," [Doc. 1 at ¶ 2], that information is insufficient for the Court to examine the citizenship of each member. Furthermore, this Court is required to examine the parties for any potential conflicts of interest that the undersigned might possess. *See* 28 U.S.C. § 455.

The Court will grant plaintiff twenty-one (21) days to file an amended complaint alleging facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by November 13, 2024, plaintiff shall file an amended complaint in conformance with this memorandum and order.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this  23rd  day of October, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE