UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

REDHAWK HOLDINGS, INC.,      )
                                       )
           Plaintiff,          )
                                       )
v.                                )     Case No. 1:24-cv-00196-SNLJ
                                     )
QUANTERNARY RESOURCE     )
INVESTIGATION, LLC,        )
                                       )
           Defendant.      )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b). [Doc. 16]. The motion is fully briefed. For the reasons stated below, the motion to dismiss for lack of personal jurisdiction will be granted, and this matter will be dismissed.

## I. BACKGROUND

Plaintiff Redhawk Holdings, Inc. filed this lawsuit against defendant Quanternary Resource Investigation, LLC ("QRI") asserting a claim of detrimental reliance related to plaintiff's acquisition of Cody Development, LLC ("Cody"). [Docs. 1, 8]. According to plaintiff, it relied upon representations made by defendant's officers in making the acquisition of Cody, and then subsequently learned the representations were false. [Doc. 8]. Plaintiff alleges defendant had an agreement with Cody to perform work in Louisiana and was Cody's sole customer. [Docs. 8 at ¶ 10, 16 at 5, 16-1 at ¶ 10].

In the First Amended Complaint, plaintiff alleges jurisdiction is proper because the parties are citizens of different states, and venue is proper because defendant conducts business in New Madrid County, Missouri. [Doc. 8 at ¶¶ 2-3]. Neither the parties, nor Cody are located in Missouri. [Docs. 8, 15, 16-1]. Plaintiff is a Nevada corporation with its principal place of business in Florida. [Doc. 8 at ¶ 1]. Defendant is a Louisiana limited liability company with its principal place of business in Louisiana. [*Id.* at ¶ 2]. Defendant's members are individuals who reside in Louisiana and Texas. [Docs. 15, 16-1 at ¶ 9]. Cody is also a Louisiana limited liability company. [Docs. 16 at 4-5, 16-1 at ¶ 11].

Defendant seeks dismissal under Rule 12(b) due to a lack of personal jurisdiction.[1] [Doc. 16]. In support of its motion, defendant submitted an Affidavit from its President and Managing Member, Fonda Lindfors New, stating that defendant last performed work in Missouri on September 10, 2013. [Doc. 16-1 at ¶¶ 6-7]. New also testified that defendant does not have an office or employees in the Missouri, nor is it performing any work in Missouri. [*Id.* at ¶¶ 5, 8]. Defendant also points out that the alleged actions that are the subject of this lawsuit occurred in Louisiana. [Doc. 16 at 5].

---

[1] Defendant moves for dismissal under Rule 12(b) on three grounds – lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. [Doc. 16]. Because the Court finds that it does not have personal jurisdiction over defendant, it is not necessary to address the other issues raised in defendant's motion.

2

## II.  LEGAL STANDARD

To allege personal jurisdiction, a plaintiff must plead sufficient facts to support a reasonable inference that the defendant is subject to jurisdiction within the state. *Dairy Farmers of America, Inc. v. Bassett & Walker Intern., Inc.*, 702 F.3d 472, 474 (2012).  A defendant may move for dismissal of a complaint for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  A plaintiff's prima facie showing of personal jurisdiction "must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion."  *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).  The evidence is viewed in the light most favorable to the plaintiff and all factual conflicts are resolved in favor of the plaintiff.  *Id*.  However, the plaintiff bears the burden to prove personal jurisdiction exists; it does not shift to the defendant challenging jurisdiction.  *Id.*

## III.  DISCUSSION

"Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011) (cleaned up).  Personal jurisdiction may be general or specific.  *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255, 262 (2017).  General jurisdiction "refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose."  *Viasystems, Inc*., 646 F.3d at 593 (cleaned up).  Specific jurisdiction

3

"refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." *Id*. (cleaned up).  Although it appears plaintiff is alleging general jurisdiction, the Court will address both.

## A.  General Jurisdiction

A court with general jurisdiction "may hear a lawsuit against a defendant who has continuous and systematic contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (cleaned up).  The sole allegation in the Complaint related to personal jurisdiction is that defendant conducts business in New Madrid County, Missouri.  [Doc. 8 at ¶ 3].  However, defendant refutes that allegation with the Affidavit of New, who testified that defendant last performed work in Missouri on September 10, 2013, that defendant does not have an office or employees in Missouri, and defendant is not performing any work in Missouri.  [Doc. 16-1 at ¶¶ 5-8].

Where, as here, a defendant raises through affidavits or other means a meritorious challenge to personal jurisdiction, plaintiff must prove jurisdiction by affidavits, testimony, or documents.  *Dever*, 380 F.3d at 1072.  In its response to the motion, plaintiff offers an unauthenticated document it refers to as "an investor presentation prepared by defendant."  [Docs. 17 at 2, 17-1].  Plaintiff points to three representations in that document:  1) WQRI has 12 offices throughout the county; 2) WQRI has "facility support services" at Fort Leonard Wood in Missouri; and 3)

4

WQRI maintains St. Louis and Kansas City districts.  [*Id.*].  Based on that document alone, plaintiff argues defendant conducts sufficient business in Missouri to subject it to personal jurisdiction.

In response, Defendant submits a second Affidavit from its President and Managing Member, Fonda Lindfors New, explaining that the document is a marketing brochure for WQRI, not defendant QRI.  [Docs. 18 at 2, 18-1].  She further explains that WQRI is a joint venture involving defendant QRI and other companies and that the claims in this lawsuit are not related to the WQRI joint venture.  [Doc. 18-1].  She testifies that defendant has not performed any work or services in Missouri since September 2013 as a company or when working with a joint venture.  *Id.* Additionally, defendant points out that plaintiff misconstrues the information in the WQRI marketing brochure because: 1) none of the 12 offices are in Missouri; 2) the references are to "Agency" personnel and there is no reference to defendant; and 3) the districts referenced in the marketing brochure are districts for the U.S. Army Corps of Engineers, not QRI.  [Doc. 18 at 2].

Based on the allegations in the First Amended Complaint and the parties' submissions on the motion to dismiss, there is no basis to find that defendant has continuous and systematic contacts with Missouri.  Thus, this Court does not have general jurisdiction over defendant.

**B. Specific Jurisdiction**

Specific jurisdiction is proper "when a defendant has certain contacts with the forum State and the cause of action arises out of those contacts." *Creative Calling Sols., Inc. v. LF Beauty Ltd*., 799 F.3d 975, 979–80 (8th Cir. 2015). Two requirements must be met for specific jurisdiction: (1) jurisdiction must be allowed by the forum long-arm statute; and (2) the reach of the long-arm statute must comport with due process. *Viasystems*, 646 F.3d at 593. Due process requires that there be "minimum contacts" between the nonresident defendant and the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945).

Missouri's long-arm statute authorizes jurisdiction over a person, firm, or corporation "who in person or through an agent does any of the acts enumerated in this section," including "[t]he transaction of any business within this state." § 506.500.1(1) RSMo. However, only causes of action arising from the acts enumerated in the long-arm statute are sufficient for jurisdiction. § 506.500.3 RSMo. Plaintiff does not argue that the cause of action alleged in the First Amended Complaint arises from the transaction of business in the Missouri. Indeed, the acts and/or omissions that are the subject of this lawsuit occurred in Louisiana. As a result, plaintiff fails to meet the first requirement for specific jurisdiction. Thus, this Court does not have specific jurisdiction over defendant.

## IV.  <u>CONCLUSION</u>

Plaintiff has not demonstrated by affidavit, testimony, or documents that defendant has continuous and systematic contacts with Missouri to subject it to general jurisdiction.   Nor has plaintiff demonstrated that that the cause of action alleged in the First Amended Complaint arises from the transaction of business in Missouri.  Therefore, Plaintiff fails to meet its burden of proof to show that defendant is subject to jurisdiction within Missouri.  Because the Court lacks personal jurisdiction over defendant, this matter must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. 16] pursuant to Federal Rule of Civil Procedure 12(b)(2) is **GRANTED** and this matter is **DISMISSED** without prejudice to refiling in the appropriate court.  A separate Order of Dismissal will be issued.

**SO ORDERED** this 5th day of May, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE